BARTON v. THE NEW YORK CENTRAL AND HUDSON RIVER RAIL-ROAD COMPANY.

Thompson & Cook
1 TC 297
67 AD 218

*Negligence — starting train without signal — common law requirement of caution — when negligence not question of law.*

Plaintiff, who was in the employ of a grain shipping firm, was engaged in unloading grain from the defendants' cars into a boat of the firm. Between the car which was being unloaded and the boat a canvas was placed to catch falling grain. This canvas was, after unloading each lot of cars, taken up

and emptied. After some cars had been unloaded defendant had emptied the canvas, and was spreading it for the next cars when the unloaded train was started and caught plaintiff's arm and severely injured it. The evidence given at the trial tended to show that the cars were started without any notice by bell or whistle, and that plaintiff had no time or opportunity to escape.

*Held*, that the question whether defendants were negligent in starting the cars without sounding the bell or whistle was one for the jury.

While the statute may not in terms require a signal under the circumstances of this case the common law requires, at all times, the exercise of ordinary prudence and care in the avoidance of injury to others, and as the instrumentalities used are more dangerous a greater degree of caution is imposed and required.

The plaintiff being lawfully upon the premises and near the cars, in pursuit of his legitimate duties, he was not guilty of negligence as a legal conclusion. Whether he was actually so was a question for the jury.

APPEAL from judgment entered upon the verdict of a jury and from order denying motion for a new trial. The facts appear in the opinion.

*Hand, Hale & Swartz*, for appellant.

*Amasa J. Parker*, for respondent.

BOARDMAN, J. Briggs & Co. were shippers of produce at Athens, taking produce from defendant's cars to the boats on the river through a spout. The defendant's cars were run upon the dock a few feet from the boats for the purpose of discharging their cargo into the boats. When that was done the empty cars were drawn away and loaded cars put in their places. While the grain in the cars was thus transferred a canvas was spread on the ground, between the cars and the boat, to catch any falling grain. The canvas was kept in place by stones placed upon its corners and edges. This canvas was emptied when the cars were unloaded, and before fresh cars were brought upon the track.

On May 25, 1870, the plaintiff was in the employ of Briggs & Co., helping in transferring grain from the cars to the boat as aforesaid. Some loaded cars had been hauled upon the track near the boat, unloaded into the boat, and were ready to be removed. The plaintiff had emptied the canvas, and was engaged in spreading it for the next cars. While so engaged the cars were started and caught plaintiff's arm under the wheel, and so cut and mangled it that it

was necessarily amputated. For such injury this action was brought, upon the claim that defendant was guilty of negligence in starting the train without ringing the bell or blowing the whistle. The answer of the defendant denies any negligence. It is also alleged that plaintiff was guilty of such contributory negligence as would forbid a recovery.

At the close of the plaintiff's case, and at the close of the evidence, the defendant moved for a nonsuit upon these grounds, which was refused. The jury, under charge of the court, rendered a verdict for the plaintiff for $6,000.

Various exceptions were taken by the defendant to the charge of the court and the refusals to charge. From a careful examination it is evident such exceptions present no questions for our review, except such as are raised by the motion for a nonsuit. It was an effort on the part of defendant's counsel to take from the jury the consideration and decision of defendant's alleged negligence and the plaintiff's alleged contributory negligence, and have the same determined as legal propositions.

If, then, there was any issue of fact in these respects, to be submitted to the jury, the court was without error in its refusal to charge as requested, and in submitting the whole subject to the jury. Was, then, there any error in the refusal to nonsuit the plaintiff? To determine that, we must first decide : 1st. Whether, upon the facts proved, the defendant was guilty of any negligence causing injury to the plaintiff; and, 2d. If so whether plaintiff was guilty of any negligence contributory to such injury.

Upon the first point the evidence tends to show that the empty cars were started without any signal by bell or whistle of an intention to move, and that plaintiff had no time or opportunity to withdraw from a dangerous position, by reason of such sudden starting. Concede, if you please, that the statute does not, in terms, require a signal under the circumstances of this case. The common law requires at all times the exercise of ordinary prudence and care in the avoidance of injury to others, and as the instrumentalities used are more dangerous, a greater degree of caution is imposed and required. Such is the case in firing blasts in a populous neighborhood. No statute requires notice to be given to passers by, but the common law would affix a liability if proper warning were not given, whereby some person was injured. In the same view it was proper to submit to the jury whether a signal was given in this case ;

whether the neglect to give said signal (if none were given) was imprudent and negligent, and whether the plaintiff, having the right to expect such protection, was injured by reason of its negligent omission. There is a conflict of evidence about giving the signal — a conflict which cannot be determined by the law, but must be submitted to the jury, if the fact is important in any degree in the case. That it was important is evinced by the number of witnesses examined and amount of evidence produced upon that subject without objection. Evidently both parties deemed it a highly important fact. Then there was other evidence touching the usage and custom to give such notice by the engineer, the usage in the conduct of this particular business, the nature of plaintiff's occupation, and the manner in which he discharged the same, and other facts, all having a bearing upon the point of proper precaution in the conduct of defendant's business at the time of plaintiff's injury. It would seem that such evidence must necessarily be given to the jury to decide therefrom as to the defendant's responsibility. The facts are not all conceded. There is conflicting and contradicting evidence in the case. Until such facts are determined the law cannot pass judgment.

As to the second point it seems equally clear that plaintiff was not guilty upon the evidence of contributory negligence, as a legal conclusion. The plaintiff was legally upon the premises. He was in the pursuit of his legitimate employment, near the defendant's cars. Whether he was reaching under the cars for a stone to lay on the corner of the canvas or whether he was struck by the packing-box of the car, in the sudden start, and knocked down so as to throw one arm under the car wheels, is a controverted question. In either view, however, it would be for the jury to say whether his negligence aided in producing the injury. Especially would that be the case in the latter statement of the facts. His occupation required him to be near defendant's cars. When common prudence ends and negligence begins, is rarely a question of law. It would be impossible to make a rule of law that would make out the dividing line. In bald cases, upon conceded facts, the law may say they are or are not negligence. But ordinarily, and almost of necessity, each case must be decided by the jury upon all the surrounding circumstances. In this case if the jurors believed plaintiff was needlessly reaching under the cars, ready to start on a moment's notice or without notice, they might well find him guilty of negligence that

led to his injury. But if they found that he was putting down the canvas outside of the track and was in no danger from the wheels until he was struck and knocked under them by the sudden and unexpected motion of the ears, without any signal, the jurors might well find that it was no fault of plaintiff's that led to his misfortune.

Was the laying down of the canvas necessarily or ordinarily a dangerous act? Was plaintiff in the habit of doing it before the empty cars were removed? Did the train hands know that such was or was not his practice? Had he received any orders in relation thereto? All these are subjects upon which evidence is produced on either side, and the evidence is not conclusive. It is for the jury to determine each question, and then whether the facts so determined are negligence under the law, as given to them by the learned judge.

In my judgment the case could not have been disposed of upon questions of law, and the submission to the jury was therefore right.

The judgment and order appealed from must therefore be affirmed with costs.

PARKER and J. POTTER, JJ., concurred.

*Judgment affirmed.*